UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RODNEY T.,                                          )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )        No. 1:25-cv-01226-TAB-JRS
                                                    )
FRANK J. BISIGNANO Commissioner of Social           )
Security Administration,                            )
                                                    )
                    Defendant.                      )

ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL

I.      Introduction

        Plaintiff Rodney T. appeals the Social Security Administration's denial of his application

for disability benefits.  Plaintiff argues that the Administrative Law Judge determined he could

perform a residual functional capacity not supported by substantial evidence.  Specifically,

Plaintiff takes issue with the ALJ's consideration of his moderate limitations in concentration,

persistence, and pace.  Plaintiff claims the ALJ did not rely on a medical opinion to translate his

moderate concentration, persistence, and pace limitations into an RFC or provide a meaningful,

reasoned explanation as to how the restrictions included in the RFC accounted for Plaintiff's

moderate limitations in this area.  However, it is the role of the ALJ to determine a claimant's

RFC.  Plaintiff fails to demonstrate that the record compelled a more restrictive RFC.

Accordingly, Plaintiff's request for remand [Filing No. 12] is denied.

II.     **Background**

On January 30, 2023, Plaintiff filed a Title II application for disability insurance benefits, alleging disability since December 1, 2022.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.  The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2022, the alleged onset date.  At step two, the ALJ determined Plaintiff had the following severe impairments: schizoaffective disorder bipolar type and anxiety disorder.  [Filing No. 10-2, at ECF p. 31.]  At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.

Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations.  The ALJ concluded Plaintiff could perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [Plaintiff is] able to understand, remember, carry out simple instructions; able to sustain attention and/or concentration for 8 hours in the workday on simple tasks; and no work requiring a specific production rate pace, such as assembly line work; occasional interactions with supervisors and coworkers; and no interactions with general public as part of job tasks/duties.

[Filing No. 10-2, at ECF p. 33.]

At step four, the ALJ concluded Plaintiff could not perform any past relevant work.  At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, including industrial cleaner, kitchen helper, and inspector and hand packager.  [Filing No. 10-2, at ECF p. 44.]  Accordingly, the ALJ concluded Plaintiff was not disabled.

2

### III.   Discussion

Plaintiff's sole argument on appeal is that in assessing Plaintiff's RFC, the ALJ failed to fully address Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace. The RFC must account for all limitations—including non-severe. *See, e.g., Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) ("In an RFC assessment and in a hypothetical question posed to a vocational expert, an ALJ must include all of a claimant's limitations supported by the medical record.").

The Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, 587 U.S. 97, 99, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The threshold for substantial evidence is not high." *Thorpe v. Bisignano*, 148 F. 4th 432, 437 (7th Cir. 2025) (internal citation and quotation marks omitted). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff acknowledges the ALJ determined he was moderately limited in his ability to concentrate, persist, or maintain pace. [Filing No. 10-2, at ECF p. 33.] As noted above, to account for these limitations, the ALJ included non-exertional limitations in Plaintiff's RFC,

including that he could understand, remember, and carry out simple instructions; sustain attention or concentration for eight hours per workday on simple tasks; and do no work requiring a specific production rate pace, such as assembly line work.  [Filing No. 10-2, at ECF p. 33.] Nevertheless, Plaintiff argues the ALJ failed to provide a reasoned explanation for why the restrictions identified in the RFC accounted for Plaintiff's limitations.  Plaintiff further argues the ALJ's conclusion that Plaintiff could perform full-time work with only the limitations noted emphasized normal findings but disregarded extensive abnormal ones.  In support, Plaintiff points to evidence of severe episodic dysfunction, including multiple psychiatric hospitalizations and reports of decompensation under stress.

However, the ALJ explained what evidence supported Plaintiff's ability to perform a full range of work under these non-exertional limitations.  [Filing No. 10-2, at ECF p. 40.]  While the ALJ emphasized that despite some insurance-related medication stoppage, Plaintiff did well and his symptoms were controlled when he took his medications.  The ALJ stated Plaintiff's hospital visits in 2022 and 2023 for psychotic/manic episodes appeared to have been precipitated by being off his medication.

Plaintiff claims the ALJ failed to consider contextual factors surrounding his episodes, such as stress and changes in routine, and the need for medication adjustments.  Yet the ALJ mentioned these factors.  The ALJ also emphasized that Plaintiff reported difficulties with concentration and focus only during his manic/psychotic episodes, which appeared to occur very infrequently.  Other than some depressed and mania symptoms reported in December 2022 and January 2023, which the ALJ noted appeared to have been in part due to some stress at work, Plaintiff reported doing well when medication compliant, and mental status examinations were normal.  Also, when medication compliant, the ALJ noted Plaintiff engaged in normal activities,

including personal care, cooking, household chores, driving, shopping, managing his finances, exercising, going to the park, and socializing with friends and family.

Plaintiff also argues that while medical opinions regarding Plaintiff's mental health impairments exist in the record, the ALJ did not rely on these opinions in any meaningful way. However, Plaintiff fails to recognize that the responsibility for assessing a claimant's RFC falls squarely within the ALJ's province.  20 C.F.R. § 404.1546(c).  For instance, Plaintiff claims the ALJ did not rely on or adopt any limitations set forth by the consultative psychological examiner, Dr. Jared Outcalt.  The ALJ determined Dr. Outcalt's opinion was mostly persuasive.  Dr. Outcalt provided a medical source statement that stated:

> Claimant presented as able to learn, remember, comprehend, and carry out complex tasks and instructions, displaying intact concentration and good mental persistence during more cognitively demanding activity.  Claimant presented as able to make appropriate judgments on complex work-related decisions, though may struggle during periods of more severe decompensation.  Claimant presented as able to manage routine changes and normal pressures in a work setting, though may struggle during periods of more severe decompensation.  Overall, claimant demonstrated intact communication skills and was able to adequately engage in conversation.  Claimant was observed to be able to interact appropriately with others (i.e., this examiner), though may struggle with paranoia as well as psychotic and disorganized thought process during periods of more severe decompensation.

[Filing No. 10-7, at ECF p. 449.]

The ALJ recited Dr. Outcalt's opinion in its entirety before explaining her reasoning for finding it mostly persuasive.  [Filing No. 10-2, at ECF p. 41-42.]  The ALJ reasoned that Dr. Outcalt's opinion was supported by Dr. Outcalt's interview of Plaintiff and normal mental status examination findings that day.  The ALJ further noted that Dr. Outcalt's opinion was also consistent with the evidence of record, which showed that when compliant with his medications, Plaintiff's symptoms were well-controlled and his mental status findings were normal.  Plaintiff argues that the ALJ "did not rely on, nor did she adopt" any of Dr. Outcalt's opinions.  [Filing

No. 12, at eCF p. 13.]  Yet Plaintiff points to no specific component of Dr. Outcalt's opinion that the ALJ allegedly overlooked.  Plaintiff is unable to demonstrate any discrepancy between Dr. Outcalt's findings and the ALJ's determination of Plaintiff's RFC.

The ALJ also acknowledged that Plaintiff's treating psychiatrist, Dr. Aaron Whiteman, opined that Plaintiff's impairments are likely to produce good days and bad days, and when symptomatic, he would miss more than four days of work per month.  [Filing No. 10-2, at ECF p. 41.]  The ALJ noted that Dr. Whiteman claimed these limitations and symptoms had applied since 2011.  Plaintiff claims the ALJ rejected this opinion but failed to acknowledge the waxing and waning nature of mental health impairments.  However, the ALJ's decision reflects a thorough analysis of this opinion.

The ALJ found Dr. Whiteman's opinion not persuasive because it was not supported by Dr. Whiteman's own repeatedly normal exam findings or with other medical evidence of record.  The ALJ further noted that Dr. Whiteman's statement about Plaintiff being incapable of even low stress jobs was not supported by the overall normal mental status examinations.  In addition, the ALJ observed that Dr. Whiteman's claim that Plaintiff could have worked no jobs since 2011 conflicted with Plaintiff's own work history.  Finally, the ALJ once again reiterated that abnormalities of Plaintiff's mental status and symptoms appeared to occur at times when he was not taking his medications.

Ultimately, Plaintiff's opening brief makes no attempt to highlight specific additional limitations supported by the record that the ALJ overlooked.  And Plaintiff declined to file a reply brief.  It is Plaintiff—not the ALJ—who has the burden of proving a disabling degree of symptoms.  *See, e.g., Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("Remember, too, that [the plaintiff] bears the burden of proving she is disabled.  Plaintiff failed to carry that burden by not

identifying any objective evidence in the record corroborating [a physician's] statement.  Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence.").  Plaintiff has not identified any medical opinion evidence the ALJ allegedly failed to mention that would indicate that Plaintiff needed further limitations.  Nor does Plaintiff identify additional RFC restrictions supported by the record he believes would accommodate his moderate limitations in concentration, persistence, and pace that the ALJ allegedly overlooked.  *See, e.g., Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) ("Nowhere does [the plaintiff] identify what evidence the ALJ overlooked or discounted, nor does she explain how the RFC determination should have been different.  Even more, [the plaintiff] seems to resist that she bears this evidentiary burden on appeal.  She is mistaken."); *Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.").

Plaintiff further claims the ALJ erred by not adopting additional RFC restrictions related to being off task that were implicated by one of the hypothetical questions posed by the ALJ to the vocational expert.  [Filing No. 12, at ECF p. 14-15.]  As noted above, Plaintiff has the burden to provide evidence that he would have such limitations, and he did not meet this burden at the administrative level or attempt to meet it here.  Plaintiff's opening brief referenced a hypothetical question the ALJ posed to the vocational expert at the hearing about a person being off task and reiterated Dr. Whiteman's opinion that Plaintiff would miss more than four days of work per month.  As noted above, the ALJ specifically addressed Dr. Whiteman's opinion and stated that she found it not persuasive.  Plaintiff's request amounts to no more than a request to re-weigh the evidence, which the Court cannot do.  *See, e.g., Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021)

("Even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence.").

This is different than situations where courts have found the ALJ failed to address whether the plaintiff could stay on task for a full workday. *Cf. Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) (Seventh Circuit reversed ALJ's decision because it "limited Lothridge to 'simple instructions and tasks with restricted interactions with others' without addressing her ability to stay on task for a full workday or to perform at the required speed."). Here, the ALJ directly addressed and rejected the only medical source that opined Plaintiff would require absences. Moreover, in describing Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, the ALJ explained she based this limitation on Plaintiff's subjective report of being easily distracted. The ALJ directly discounted Plaintiff's reported difficulties with concentration and focus because those appeared to only occur during rare manic and psychotic episodes. [Filing No. 10-2, at ECF p. 33.]

While Plaintiff argues the ALJ failed to build the requisite logical bridge between the evidence and the ALJ's conclusions, Plaintiff did not identify any evidence that the ALJ supposedly overlooked. Plaintiff has not provided the necessary evidence to prove he required a limitation addressing any time off task or otherwise demonstrated he is entitled to disability benefits. By failing to do so, Plaintiff has not established reversible error.

## IV.     Conclusion

For all these reasons, Plaintiff's request for remand is denied. [Filing No. 12.]

Date: 5/7/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

8